**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Renee Evers, | No. CV-23-00918-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Jennifer Evers' ("Plaintiff") motion for an extension of time to file her notice of appeal. (Doc. 21). Defendant Commissioner of Social Security Administration ("Defendant") has not filed a response. The Court now rules.

**I.    BACKGROUND**

Plaintiff filed the complaint in her underlying social security appeal ("underlying action") on May 24, 2023. (Doc. 1). The Court issued an order affirming the administrative law judge's ("ALJ") decision on February 26, 2024, and judgment was entered on that same day. (Doc. 18; Doc. 19). Plaintiff filed her notice of appeal, accompanied by the pending motion for extension of time, on May 24, 2024. (Doc. 20; Doc. 21).

**II.    LEGAL STANDARD**

The Federal Rules of Appellate Procedure require a party who wishes to appeal a judgment from district court litigation to file a notice of appeal within sixty days after the entry of judgment when one of the parties is a United States agency. Fed. R. App. P. 4(a)(1)(B)(ii). The district court may extend the time to file a notice of appeal if the party

1  moves for an extension within thirty days after expiration of the appeal period and "shows
2  excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

3        In evaluating whether the party has shown "excusable neglect or good cause,"
4  district courts analyze the factors laid out in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*
5  *Ltd.*, 507 U.S. 380, 395 (1993). The factors for determining excusable neglect include (1)
6  the danger of prejudice to the opposing party, (2) the length of a delay and its potential
7  impact on judicial proceedings, (3) the reason for the delay, including whether it was within
8  the reasonable control of the party moving for an extension, and (4) whether the party
9  moving for an extension acted in good faith. *Id.* The Ninth Circuit Court of Appeals has
10 since stated that *Pioneer* "instructs courts to determine the issue of excusable neglect within
11 the context of the particular case." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

12 **III.   DISCUSSION**

13       As a threshold matter, Plaintiff's notice of appeal was due on April 26, 2024—sixty
14 days after the entry of judgment. Thus, Plaintiff needed to file her motion for extension of
15 time no later than May 26, 2024—thirty days after the last day Plaintiff's appeal would
16 have been timely. As Plaintiff filed her motion on May 24, 2024, she satisfies this first
17 requirement.

18       As for the "excusable neglect or good cause" requirement, Plaintiff first argues
19 generally that attorney negligence can indeed be considered "excusable." (Doc. 21 at 1).
20 Regarding the first factor, Plaintiff argues that Defendant will not be prejudiced because
21 "the record is a closed record that has been fully developed" and no evidence was spoiled
22 during the delay. (*Id.* at 5). Concerning the second factor, Plaintiff argues that the delay
23 was short because the delay lasted thirty days. (*Id.* at 2). As for the third factor, Plaintiff
24 asserts that Plaintiff missed the deadline to appeal because Plaintiff's counsel failed to enter
25 the appropriate deadline into his paper and electronic logbooks, which Plaintiff argues is
26 an excusable reason. (*Id.*). As for the fourth factor, Plaintiff asserts that she was never
27 acting in bad faith. (*Id.*). Plaintiff additionally cites to various cases in which courts have
28 discussed what constitutes excusable neglect, arguing that these various cases counsel this

Court to find excusable neglect in the instant case. (*Id.* at 3–7).

Regarding the first factor, the Court generally agrees with Plaintiff that should the Court grant the extension, there is no indication that Defendant will suffer any prejudice beyond being required to continue litigating the case. Indeed, Defendant did not file a response opposing the pending motion for an extension of time. Thus, the first factor favors granting the extension.

Concerning the second factor, the Court reiterates that in the context of filing a notice of appeal, the Federal Rules specifically require a party to move for an extension of time within *thirty days* after the original deadline. Fed. R. App. P. 4(a)(5)(A)(i). In light of this thirty-day requirement, the Court can hardly conclude that a thirty-day delay is "short" in this context.[1] However, in the circumstances of this case, the thirty-day delay has caused a minimal impact on the judicial proceedings.[2] Therefore, the second factor does not weigh heavily against granting the extension.

As for the third factor, *Pincay* instructs that there should be "no rigid legal rule against late filings attributable to any particular type of negligence." 389 F.3d at 860. The Court must therefore evaluate the particular facts and circumstances of the instant case. *Id.* at 859–60. Here, Plaintiff's counsel's affidavit indicates that the failure to appropriately log the appeal deadline was a rare error that occurred because Plaintiff's current counsel received notice of the decision in Plaintiff's underlying action in an email from the counsel that handled the underlying action, not directly from the district court, as counsel usually would receive notice. (Doc. 21-1 at 2). These circumstances are comparable to, if not less egregious than, circumstances in two previously decided cases involving belated notices of appeal. In *Pincay*, a paralegal miscalculated a deadline based on misreading a "clear" rule.

---

[1] Because the requirements of Rule 60 are different from those of Appellate Rule 4, Plaintiff's citation to *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009), for the proposition that a seven-month delay in the context of Rule 60 could be excusable, is inapposite.

[2] The Court acknowledges that the impact is large in that a case that would otherwise be fully terminated would instead be able to continue to the appellate level. However, this "impact" is the same in any case in which the Court grants an extension, whether a party delays by one day or by thirty. As such, this particular "impact" did not greatly affect the Court's analysis of the second factor.

- 3 -

389 F.3d at 860. In *Mendez v. Knowles*, an attorney who had repeatedly missed deadlines throughout the litigation relied on the Postal Service to deliver a notice of appeal within two days even though the Postal Service advised that delivery generally takes three days. 556 F.3d 757, 765–67 (9th Cir. 2009). In both *Pincay* and *Mendez*, the Ninth Circuit Court of Appeals found that the district courts did not abuse their discretion when they weighed the *Pioneer* factors and granted the respective motions for extensions of time. Thus, although the reason for Plaintiff's counsel's delay demonstrates attorney neglect, the third factor does not weigh heavily against granting the extension.

Regarding the fourth factor, the Court perceives no evidence of any bad faith on the part of Plaintiff. As such, the fourth factor favors granting the extension.

After weighing all four factors, the Court finds that Plaintiff's counsel has demonstrated excusable neglect. Therefore, the Court grants Plaintiff's requested extension of time to file the notice of appeal, subject to the constraints of Federal Rule of Appellate Procedure 4(a)(5)(C) (extensions under Rule 4(a)(5) must not exceed the later of (1) thirty days after the prescribed time or (2) fourteen days after the date when the order granting the motion is entered).

### IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for extension of time to file a notice of appeal, (Doc. 21), is **GRANTED**.

**IT IS FURTHER ORDERED** that this Order thus renders Plaintiff's May 24, 2024, notice of appeal, (Doc. 20), timely.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   **IT IS FINALLY ORDERED** that the Clerk of the Court shall send a copy of this
2   Order to the Ninth Circuit Court of Appeals referencing case number: 24-3338.
3   Dated this 25th day of June, 2024.

James A. Teilborg
Senior United States District Judge